**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: CARDTRONICS ATM FEE NOTICE LITIGATION, | No. 12-56066<br><br>D.C. No. 3:11-md-02245-BEN-BLM |
| SHERYL JOHNSON,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>CARDTRONICS USA, INC.; et al.,<br><br>            Defendants - Appellees. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted February 10, 2014[**]
Pasadena, California

Before: D.W. NELSON, PAEZ, and NGUYEN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Sheryl Johnson appeals the district court order granting Defendants' motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review orders granting summary judgment de novo." *Clevo Co. v. Hecny Transp., Inc.*, 715 F.3d 1189, 1193 (9th Cir. 2013) (citation omitted). We affirm.

1. With respect to the Germantown ATM, the bona fide error defense applies. Defendants have demonstrated that the "violation was not intentional" and instead "resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *See* 15 U.S.C. § 1693m(c). The undisputed record evidence shows that Defendants have implemented a multi-layered, redundant process to affix a Network Decal – using a strong epoxy – to each ATM that Defendants install. Likewise, the undisputed record evidence demonstrates that Defendants had a protocol in place to affix a Decal to ATMs acquired after installation, such as the Germantown ATM. Indeed, a 2012 audit revealed that over 99% of Defendants' ATMs had Decals. Defendants also have adduced unrebutted record evidence that they have a business incentive to affix the Decals, and that the missing Decal therefore was inadvertent.

2. With respect to the Memphis and Olive Branch ATMs, the safe harbor defense applies. The undisputed facts show that Defendants affixed a Network

Decal to both the Memphis and Olive Branch ATMs using a strong epoxy, such that the Decal would not become detached from either ATM without human intervention. Defendants have no record of removing (or instructing a vendor to remove) the Decal from the Memphis ATM or the Olive Branch ATM. These undisputed facts are sufficient to show that a third party "subsequently removed" the Decal such that the safe harbor defense applies. *See* 15 U.S.C. § 1693h(d).

**AFFIRMED.**